UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY R. FRITZ REVOCABLE ) | |
| TRUST DATED JUNE 28, 2005, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV372SNLJ |
| ) | |
| BOARD OF ZONING ADJUSTMENT, ) | |
| ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motions to amend its complaint to assert only state law claims (#13), filed March 31, 2009 and to remand (#11), filed March 31, 2009. Responsive pleadings in connection to both motions have been filed. This action was originally filed in the Franklin County Circuit Court and removed to federal court based upon original subject matter jurisdiction under 28 U.S.C. §1331 due to "federal law based allegations". After review of the motion in light of the relevant standards, *see* Rule 15(a) Federal Rules of Civil Procedure, the Court will exercise its jurisdiction and allow the plaintiff to amend its complaint. Furthermore, upon the amending of the complaint, the Court will grant the motion to remand.

Plaintiff contends that it should be allowed to amend its complaint to remove any allegations which implicate any federal law, especially regarding federal constitutional issues and the National Historic Preservation Act of 1966 (as amended), 16 U.S.C. §470 *et. seq.* It further contends that the remaining state law claims would not create federal question upon which subject matter jurisdiction could be based under the Telecommunications Act, 47 U.S.C. §332, *et. seq.*

Defendants assert that the propriety of removal is determined at time of removal, not by subsequent events.

Plaintiff seeks to amend its complaint pursuant to Rule 15(a) Fed.R.Civ.P. Rule 15(a) provides that "leave shall be freely given when justice so requires." In following this admonition, the courts consider these factors when determining whether to grant a Rule 15(a) motion: 1) undue prejudice to the opposing party; 2) undue delay; 3) bad faith or dilatory motive; and 4) futility of amendment. *See*, Meyer v. Choice Hotels International, Inc., 2007 WL 1725293 (E.D.Mo. June 12, 2007)[1] *citing* Forman v. Davis, 371 U.S. 178, 182 (1962).

In the instant matter, this lawsuit was removed to the federal courts only approximately three (3) months ago. To-date, none of the plaintiffs have filed an answer to the original complaint. Since this case was only recently removed, and no answers have been filed, the defendants will not be prejudiced by the amendment(s), and there is no undue delay in the adjudication of this case. Although the plaintiff is amending its complaint by removal of the federal allegations/claims, and by doing so, destroying federal jurisdiction, this fact does not mean that it is acting in bad faith. *See*, Meyer v. Choice Hotels Int'l., at *2 (citations omitted). Under the circumstances present here, the Court will allow the plaintiff to amend its complaint under Rule 15(a) Fed.R.Civ.P.[2]

---

[1] The Court cites to unpublished opinions in those instances wherein the opinion provides significant guidance to the Court in determining the issue at hand.

[2] In their responsive pleading, defendants appear to assert that the ruling in another case, USCOC/U.S. Cellular v. Franklin County Bd. of Zoning, Case No. 4:07CV1426JCH, is dispositive of the issues present in this case. This Court has reviewed the case file in Case No. 4:07CV1426JCH, and Judge Hamilton's rulings in said case. It is clear to this Court that Judge Hamilton's rulings were only procedural in nature; i.e. she remanded the case for completion of the adminstrative process, then dismissed the case once that process was completed ostensibly in the plaintiff's favor. Judge Hamilton made no substantive rulings or rulings on the merits of any claims raised in that case which would be dispositive of the issues raised in the instant case.

Plaintiff also seeks to remand this case to state court since the amended complaint only asserts state law claims. Even if a case is removed properly, a court, in its discretion, can remand the case to state court if the plaintiff removes the federal claims. Moorehead v. Nestle Purina Pet Care Co., 2008 WL 544970 (E.D.Mo., Feb. 27, 2008) *citing* Carnegie-Mellon v. Cohill, 484 U.S. 343, 357 (1988); Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Associates, 77 F.3d. 1063, 1067-68 (8th Cir. 1996); Meyer v. Choice Hotels Int'l., at *2 (citations omitted). When making this determination, the court balances the interests of "judicial economy, convenience, fairness and comity." Moorehead v. Nestle Purina Pet Care Co., at *1 *quoting* Grain Land Coop v. Kar Kim Farms, Inc., 199 F.3d. 983, 993 (8th Cir. 1999); Meyer v. Choice Hotels Int'l., at *2 (citations omitted). Federal courts usually find that the balance of interests "will point toward declining to exercise jurisdiction over the remaining state law claims." Moorehead v Nestle Purina Pet Care Co., at *1 *quoting* In re Canadian Import Antitrust Litig., 470 F.3d. 785, 792 (8th Cir. 2006); Meyer v. Choice Hotels Int'l, at *2 (citations omitted).

After careful consideration and in light of the relevant factors, the Court declines to exercise supplemental jurisdiction over this case. This case was only recently removed, no answers have been filed by any one of the defendants, no scheduling R-16 conference held, and thus, no Case Management Order entered. It does not appear to the Court that any of the parties will be significantly inconvenienced by a remand. Finally, under the circumstances of this case, the Court believes that having a Missouri court decide issues of state and local zoning laws, and the adherence to same in a state administrative zoning proceeding, will promote justice and comity given the state court's superior knowledge and familiarity with such matters.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file First Amended Complaint (#13) be and is **GRANTED**, and plaintiff's First Amended Complaint is deemed filed as of this date.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand (#11) be and is **GRANTED**, and this case, in its entirety, is remanded to the Franklin County Circuit Court, State of Missouri, for all further proceedings.

**IT IS FINALLY ORDERED** that defendant USCOC/U.S. Cellular's motion to dismiss (#6), filed March 13, 2009 and defendants Board of Zoning Adjustment, County of Franklin, State of Missouri, Gordon Upchurch, Andrew Geisert, James R. Lechten, William F. Walker, and Edward G. Heisel's motion to dismiss (#9), filed March 27, 2009 be and are **DENIED WITHOUT PREJUDICE AS MOOT**.

Dated this  4th  day of June, 2009.

UNITED STATES DISTRICT JUDGE